240

COALITION FOR A LEVEL PLAYING FIELD, L.L.C., Robert Elgart & Son, South Austin Auto Supply, Inc., Automotive Supply Associates, Inc., Automotive Warehouse, Inc. of Lakeland, Prevatte Auto Supply, Inc., Automotive Parts Warehouse, Inc., Cee–Kay Auto Supply, Inc., APW Co., Midwest Warehouse Corporation, Irving Levine Automotive Distributors, Inc., Dyke, Inc., Mariclare, Inc., Associate Jobbers Warehouse, Inc., Buckeye Auto Parts, Hopkins Auto Supply, Inc., Warehouse Service Co., Inc., L.J. Hutchins Automotive Supply, Inc., Central Automotive Warehouse Corp., ASPA Management Corp., Jobbers Warehouse Services, Inc., and Parts Pro Warehouse, Inc., Plaintiffs -Appellants,

v.

AUTOZONE, INC., Autozone Florida, L.P., ADAP, Inc., Autozone Stores, Inc., Autozone.Com., Inc., Autozone Texas, and Advance Stores Company, Inc. Defendants–Appellees,

and

Discount Auto Parts, Inc., O'Reilly Automotive, Inc., Keystone Automotive Operations, Inc., Sam's West, Inc., Standard Motor Parts, and Wal–Mart Stores, Inc., Defendants.

No. 03–7225.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Carl E. Person, New York, NY, for Appellants.

Alexandra A.E. Shapiro (Bruce J. Prager, Hanno Kaiser, Mark H. Goldberg), Latham & Watkins LLP, New York, NY, for Appellees, of counsel.

Lee H. Simowitz (Ronald F. Wick and Amy Henson), Baker & Hostetler LLP, Washington, D.C., for Appellees, of counsel.

Present: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Eastern District of New York (Wexler, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants, following a jury trial resulting in a verdict in favor of defendants, appeal various discovery and evidentiary rulings made by the district court (Wexler, *J.*). Particularly, plaintiffs challenge the district court's: (1) discovery order requiring plaintiffs to produce requested documents at a document facility in the Eastern District; (2) trial management decisions limiting the presentation of evidence and length of trial, and bifurcating the trial into liability and damages phases; (3) exclusion of plaintiffs' expert witness; and (4) exclusion of certain exhibits.

■ At the outset, we note that review of this appeal is seriously hampered by the lack of record evidence concerning the challenged decisions. Despite the requirements of Fed. R.App. P. 10(c), plaintiffs failed to recreate off-the-record conferences at which the district court announced most of the rulings challenged in this appeal. Because plaintiffs failed to recreate these conferences for the record on appeal, we have no information, beyond that which is offered in the parties' briefs, regarding whether plaintiffs lodged objections, or otherwise proffered explanations, in response to the court's rulings. Absent record evidence to the contrary, and given plaintiffs' statements at oral argument, we conclude that plaintiffs did not offer objections in the proceedings below, and that

plaintiffs' challenges are subject to fundamental error review. *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir.2002) (noting that when insufficient objection made to jury instructions at civil trial, we may review for fundamental error, which is "so serious and flagrant that it goes to the very integrity of the trial"). Under this standard, we find that plaintiffs' challenges fail and therefore affirm the district court.

■ First, plaintiffs challenge the district court's decision, made at an off-the-record conference, requiring plaintiffs to transport and maintain their discovery productions in an Eastern District document facility. Specifically, plaintiffs contend that, by the time of trial, it was clear that defendants were not making use of the documents, and thus the district court abused its discretion by denying plaintiffs' request to close the facility.[1] Because the ruling did not impede plaintiffs' ability to present their case or prejudice the outcome of the case, we find that it was not fundamental error.

■ Second, in an off-the-record pretrial conference, the district court issued a series of trial management orders: (1) limiting the presentation of evidence of price discrimination to five of the twenty-five parts at issue; (2) limiting the number of testifying plaintiffs; (3) bifurcating the trial into liability and damages phases; and (4) limiting the trial to five days. Plaintiffs contend that the court's decisions violated their due process rights by not giving them a reasonable period of time in which to restructure their case and otherwise impaired their ability to present their case effectively. There is no showing below, or

---

1. It is unclear whether plaintiffs are challenging the court's initial decision to require production of the documents in the Eastern District, or the court's decision requiring

plaintiffs to maintain the facility. In any event, either challenge is unavailing, as the district court's decisions were neither an abuse of discretion nor plainly erroneous.

on appeal, that plaintiffs requested a continuance to reorganize their case. Nor did they inform the court of how limiting the presentation of this evidence would prejudice their case. The district court's decisions were reasonable attempts to make a complicated price discrimination trial manageable for the lay jury. Absent proof that the district court's decisions unfairly impaired their ability to present their case, plaintiffs' claims are without merit.

■ Plaintiffs also challenge the district court's exclusion of plaintiffs' expert, Wallace Kuralt, without offering a basis for the exclusion. We find that the court's exclusion of Kuralt was not fundamental error, as there was ample basis for the court to conclude that Kuralt, an owner and manager of a small bookstore chain, lacked the requisite training and experience in the automotive parts industry to qualify as an expert. *See, e.g., Pan American World Airways, Inc. v. Port Authority,* 995 F.2d 5, 9–10 (2d Cir.1993) (finding no error in exclusion of expert witness because of inexperience as an accident investigator). Plaintiffs' argument that the court erred in not offering an explanation for its decision is equally unfounded. Although there is no Second Circuit case law requiring a district court to articulate a specific basis for the exclusion of a proposed expert, *other circuits that have addressed the issue have found that failure to do so "is not necessarily an abuse of discretion," Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 720 n. 5 (3d Cir.1997), so long as the basis for the decision is "readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling," *United States v. Robinson,* 700 F.2d 205, 213 (5th

Cir.1983) (considering the district court's exclusion of evidence under Fed.R.Evid. 404(b)). During Kuralt's *voir dire,* defense counsel questioned Kuralt about his credentials, experience in the automotive after-market parts industry, and method of trial preparation. At a sidebar with plaintiffs' counsel, defense counsel asserted that Kuralt was ill-equipped to be considered an expert in the matter, and further, that he had an interest in the outcome of the case, as his own Robinson–Patman Act suit, in which he was represented by plaintiffs' lawyer, was pending in another court. The court's decision to exclude Kuralt, issued the following day, was clearly predicated on defendant's objections, which were noted in the record. Accordingly, the district court's decision was not fundamental error.[2]

■ Finally, plaintiffs challenge the district court's decision to exclude exhibits dated after the filing date of the original complaint, as well as exhibits that did not refer to one of the five automotive parts selected for presentation of evidence at trial, on the grounds that the exclusion was in error and impaired their ability to present their case. The district court correctly determined that the filing date for the original complaint constituted the relation-back date for purposes of determining damages and properly excluded exhibits created after the filing of the original complaint as irrelevant to the issue of damages.[3] We find similarly unpersuasive plaintiffs' argument that the court erred in excluding as irrelevant exhibits that did not refer to one of the five selected automotive parts. The district court's decision to exclude the challenged exhibits was rea-

2. It should also be noted that plaintiffs failed to object when the district court announced its decision to exclude Kuralt as an expert.

3. The district court, however, admitted the exhibits created after the filing of the original complaint for its own use in determining the scope of injunctive relief.

244

sonable in light of its earlier decision to limit the presentation of evidence on the price discrimination claims to five automotive parts. Because the excluded exhibits did not establish the prices plaintiffs paid for the five automotive parts selected for trial, their exclusion did not impair plaintiffs' ability to prove its price discrimination claims, and thus, it could not have affected the outcome. Accordingly, the district court's decision to exclude these exhibits was not unduly prejudicial to plaintiffs and did not constitute fundamental error.

For these reasons, the judgment of the district court is AFFIRMED.